Wheeler, J.
Tlie act of 1S4G (Hart. Dig., art. 70S) provides that “ no writ of qnin limet, attachment, or any other original writ or 'process whereby tlie property of any citizen of this State shall be ordered to be seized or taken into custody, shall be issued by any civil officer of this State or by order of any judge of tlie same, unless the party applying for such writ or process shall first make affidavit in writing of the truth of the matter set forth in his petition.”
It is insisted for the appellee that this provision is dispensed with by die act of 1S48, regulating sequestrations, (Id., p. 802,) and that under the provisions of tlie latter statute it is not necessary that a party applying for a writ of sequestration should make affidavit of die truth of the 'matters set forth in his petition.
We are of opinion that the act of 1848 was not intended to dispense with the necessity of an affidavit by die party applying for the writ to tlie truth of the material facts of his case. The affidavit was therefore insufficient., and the court erred in refusing to qnash tlie writ of sequestration.
The error however is not in a matter which goes (o the rigid of the plaintiff to maintain the action. The sequestration was only an auxiliary process; and the ruling of the court upon it can now he material only in so "far as respects tlie sureties in the bond given by the defendant for the forthcoming of the property to abide the judgment of tlie court. Tlie sureties have not appealed. and an error in the judgment as (o them will not authorize a reversal of the judgment against their principal. (Hendrick v. Cannon, 5 Tex. R., 248.) Mor will tlie judgment of this court conclude them. Not being before the court they will not be affected by the judgment, but will still be'entitled to their writ of error within the time prescribed by law.
2. In respect to the question of the admissibility of the evidence introduced by the plaintiff to prove the right of property in his intestate, it is objected for the appellee that tlie ground of the objection to tlie evidence is not stated in tlie bill of exceptions.
Wc have repeatedly decided that a party objecting to evidence must, in general,state (he ground of his objection. In taking his bill ofexeept.ionst.be party excepting must, it lias been said, “lay his finger on those points which arise either in admitting or denying evidence.” (Cow. & Hill’s notes to Phil. Ev., Part. 2, n. 403, p. of notes 778-9, 3d edit.) lint to this rule there may bo exceptions depending on the character of the proposed evidence. It may be. so manifestly incompetent to prove the proposed fact, or its inadmissibility may be so apparent, that it will he sufficient to object generally to its introduction. In tlie present ease the ground of the, objection does, it is conceived, sufficiently appear from the record. The judge certifies that he admitted the testimony of tlie witness in relation to the hill of sale on the ground that its loss had been accounted for. The question considered by the court evidently was, whether the absence of the bill of sale was sufficiently accounted for to authorize the admission of secondary evidence. Tlie judge decided, and under tin; circumstances we think rightly, that it was.
In general, where tlie best evidence is not attainable, a party may resort to secondary evidence.
In tlie present case the judge doubtless thought tlie evidence sufficient .to warrant the belief that James Cheatham liad gotten possession of tin- bill Of sale and tied tlie country with it. Evidence of that fact., sufficient to satisfy *84 the court of its existence, dispensed with the necessity of notice to the defendant to produce the instrument, or a further search for it.
XTqte 38. — Trammell v. Trammell, 20 T., 406.
Noth :jo. — Trammell v. Trammell, 15 T., 201. Where the judgment has been affirmed on appeal by the defendant the sureties may prosecute their writ of error to the judgment so far as it affected them. (Sartain i>. Hamilton. 14 T., 348.)
IQote 3?. — Herndon v. Hremond, 17 T., 432.
Note 33. — -Hailey u. Kniglu, cmic, 68.
“What degree of diligence in the search is necessary, says Greenlcaf, is not easy to define, as each case depends much on its own peculiar circumstances ; and the question whether tlie loss of tlie instrument is sufficiently proved to admit secondary evidence of its contents is to he determined by the court and not by tlie jury.” Again, lie says: “It should be recollected that the object of the proof is merely to establish a reasonable presumption of the loss of the instrument, and that this is a preliminary inquiry addressed to the discretion of tlie judge.” (1 Greenl. Ev., sec. 558.)
It. surely was not an unreasonable supposition, from the facts in evidence, that Cheatham had possessed himself of tlie bill of sale, and taken it with him in his flight from the country. If so, it must be supposed to have been beyond tiie power of the plaintiff, by any reasonable degree of diligence, to produce it. It was as if the instrument had been destroyed by Cheatham. It was by his act as effectually placed beyond tiie power of the plaintiff to produce it. The law on this subject is thus stated by Chief Justice Gibson, in McReynolds v. McCord, 6 Watts R., 290, 291: “Everything is to be presumed in odium. sx>oüaioris; and had it certainly appeared that the destroyed paper purporting to be an agreement suchas is attempted to be established, it would have sufficed for the admission of secondary evidence of its contents. In an anonymous case in Ld. Jiaym., 791, a sworn copy of the defendant’s note torn up by him was allowed to go in proof of it, and Lord Holt remarked that a small thing will supply an ‘instrument destroyed by one against whose title it operated. So in Young v. Holmes, 1 Stra.. 71, an attorney who had examined a release withheld was admitted to prove tiie contents of it. In neither of those cases does it appear that specific evidence of execution was given, and it seems clear on principle that if there be'uo subscribing witness tlie act of destruction is itself tlie best evidence of which such a case is susceptible, because it has put it out of tlie party’s power to submit tiie paper to a witness of the handwriting, and tlie act of a spoiler is in its nature equivalent to confession.”
Tiiis doctrine applies with peculiar force to a case like the present, where not only is the instrument placed beyond reach, but the only intelligent being, perhaps, who could have given information of tiie facts lias gone beyond the reach of legal process, under so extraordinary circumstances. Had Elliot survived, tlie evidence might have been of a more satisfactory character.
As respects the sufficiency of the evidence, however, this case comes fully within the principle of a class of cases in which tlie court has refused to set aside the verdict or reverse the judgment on the ground of insufficiency of evidence. (Briscoe v. Bronaugh, 1 Tex. R., 326; Duggau v. Cole, 2 Id., 381; Wells et al. v. Barnet, 6 lb.)
The judgment, however, does not conform to the verdict, in that it is not in tlie alternative for tlie property specifically or its value. It must therefore be reversed, and such judgment rendered as the court below ought to have rendered.
Judgment reversed.