Stiles v. Giddens.

---

WILLIAM STILES v. RICHARD F. GIDDENS AND OTHERS.

Where an issue of fact is formed by the pleadings, this Court, upon a question of the admissibility of evidence, will not look further than to see that a cause of action is substantially set forth.

Where testimony is objected to, and no reason assigned for the objection, no ground will be entertained in revising the ruling of the Court below, unless it relate to the relevancy or competency of the testimony offered.

Where the object of a suit was to show fraud in a deed, it is competent to prove by parol, that another deed formed part of the transaction.

And where the deed sought to be impeached, expressed the consideration to be land, without describing it, it may be shown by parol what particular land was meant.

Evidence that the parties, holding under the deed sought to be annulled, knew that the agent who made the deed intended to defraud his principal, admissible to show connivance and confederation on their part.

Error from Red River. Tried below before Hon. W. S. Todd.

*Morrill & Dickson*, for plaintiff in error.

*J. A. N. Murray*, for defendant in error.

ROBERTS, J.   This case is brought into this Court to revise the decision of the District Court overruling a motion made by defendants in error to set aside a nonsuit taken by them.

The error assigned, which embraces that contained in said motion, is, that the Court erred in excluding the testimony of Butler, defendants' witness.

The evidence was offered in support of defendants' amended petition, filed 27th November, 1854, setting up facts to avoid and annul the deed of release of their ancestor, Wesley P. Byers, to the land in controversy, executed by his agent, Floyd, to Aldarine Hughart, which deed was given in evidence by defendants to resist the recovery of the land by the heirs of Byers.

The amended petition states, among other things, that the said "Floyd, confederating and conniving with the said Edward and Aldarine Hughart, and intending to cheat and defraud the said Byers, and also to act in bad faith in the trust reposed in him, or else through ignorance and folly and the imposition of said Hughart and wife, without any consideration executed the instrument on file in this cause," (the deed of release above referred to.)   " That although the vested consideration was, and is 'nine hundred and twenty-six dollars,' or that amount in land, yet in truth and in fact the only consideration was four hundred and sixty-three acres of the very identical land which was then the property of the said Wesley Byers," (being part of the land purchased by Byers at Sheriff's sale under an execution in his favor against Edward Hughart, and for which he then had a deed from the Sheriff.)

One defence against the deed of release shown in this amendment is, that Hughart and wife connived at and confederated with Floyd, the agent, to perpetrate a fraud upon his principal, Byers, in the release of the land without consideration, to the injury of Byers.   The language of the allegation imports a knowledge, concurrence, and co-operation on the part of Hughart and wife in such fraudulent act.

Another defence presented in it is, that Hughart and wife, by imposing upon the ignorance and folly of the agent, Floyd, had procured this deed of release without consideration.

These defences are shadowed forth distinctly enough to be discerned, but with a generality and vagueness which might have rendered the pleading obnoxious to a special exception. The defendants in error, however, did not in the Court below require more clear and specific statements in relation to the character of the fraudulent confederation or imposition charged upon them, but by their answer negatived the allegations so as to form an issue of fact upon them. Under such circumstances this Court, upon a question of admissibility of evidence, will not look farther than to see that a cause of action is substantially set forth.

The record states that " on the trial of this cause the plaintiff introduced Mr. Butler, by whom he proposed to prove that the consideration of the deed or instrument made by Floyd, as agent of Byers, on the 25th November, 1848, was four hundred and sixty-three acres of the very land that Byers had previously purchased at a Sheriff's sale through his agent Morrill, as the property of Hughart, and that Hughart and wife, or neither of them, ever paid anything except this land, which the said Floyd converted into personal property, with the avowed intention of making it his own, and that said Hughart and wife knew of this intention. Which was objected to by defendant, and the objections sustained by the Court, to which plaintiff excepts," &c.

No reason for the objection is assigned, and therefore, by repeated decisions of this Court, no ground will be entertained unless it relate to the relevancy or competency of the testimony offered.

This testimony is directly relevant to the facts in issue, and tend to prove the truth of them. Whether it is competent evidence to prove them, or any part of them, is the only question that need be considered.

The defendants' counsel relies on the cases of Roberts v. Short, (1 Tex. R. 373,) and Epperson, Adm'r, v. Young, (8 Tex. R. 135.) In the latter case, the conclusion arrived at in both cases is said to be "that parol evidence could be received to explain the language or terms used in a written contract so as to understand what the parties really meant, but never to permit it to be received for the purpose of varying or substituting another one to control and overrule the written contract." Where a deed has been executed by one party, and a mortgage and notes by the other, parol evidence was admitted to show that they constituted but one transastion, and that the mortgage and notes were the real consideration of the deed, and that the notes had been given back upon a recision of the sale. (In the meantime there had been a sale under the mortgage and repurchase by original vendor.) Under these circumstances the vendees claimed the land, and vendor brought suit to confirm the title in himself, in which he was successful.

In this case, the question being directly presented "that the recital of the purchase money in the deed of conveyance estopped the plaintiff from denying its payment," this Court sustained the decree. (Howards v. Davis, 6 Tex. R. 174.) As in that so in this case the object of the parol testimony was to connect the deed of release to Adriance Hughart with the deed from Hughart and wife to Byers as taken by his agent, and to show that they constituted one transaction, and that the latter deed was the real consideration for the former, and not money "amounting to nine hundred and twenty-six dollars." Indeed all difficulty on this question would seem to be removed by reference to the terms in which the consideration is stated in the deed of release. For the express consideration upon which the release is made is "for and in consideration of the sum of nine hundred and twenty-six dollars to me in hand paid by Adriance Hughart, or that amount in land out of her separate property." The instrument itself

shows that the real consideration was not money but land, and the evidence was offered to explain what land was in the mind of the contracting parties, and which was estimated by them at the sum of nine hundred and twenty-six dollars. Again it is contended that plaintiffs are estopped from denying that the land conveyed by Hughart and wife was the separate property of the wife by this expression used in stating the consideration in land, described as "land out of her separate property." This objection is readily obviated upon the rule, that the major must include the minor proposition. If he is not estopped from explaining that that which he acknowledged to be a consideration was not a real consideration at all, he is not estopped from explaining the true character of the component parts of the acknowledged consideration. The whole object of the suit is to show that this deed of release, in all its parts, is tainted with the fraudulent confederation and imposition of Hughart and wife, and was made in fraud of his rights, and therefore does not estop him.

The evidence offered then should have been admitted to explain the connection and relation of the deed of release and the deed to Byers from Hughart, and circumstances attending and pertinent to the transaction. And that part of it which relates to Hughart's and wife's knowledge of Floyd's intention to convert the land to his own use might well have been admitted, under the general allegations of the amendment, as tending, if connected with other facts, to prove the connivance and confederation on the part of Hughart and his wife. It is not necessary that we should decide that this evidence would sustain the petition; but only that it tends to do so, and, in connection with other evidence, might be a sufficient basis upon which a judgment might be rendered by the jury. The judgment is reversed and cause remanded.

Reversed and remanded.