## PYRON & MITCHELL V. GEORGE BUTLER.

The courts cannot look with favor on objections to testimony during the trial of a case, taken upon the ground that the pleadings are insufficient, when the party objecting had filed no exception to the pleading.

It is only when pleadings are wholly defective, showing no cause of action or no defence, that objections to testimony, because of the insufficiency of the pleadings, ought to be entertained.

In a suit against the drawer and the indorser of a bill of exchange, there was no allegation in the petition that the defendants were merchants, or the factors or agents of merchants, whose liability under the statute (O. & W. Dig., §§ 97, 99,) could be fixed by protest and notice. On the trial, the plaintiff offered in evidence the notarial protest and certificate, to which the defendants objected on the ground of insufficiency in the petition. *Held*, that, inasmuch as the defendants had not excepted to the petition, the objection was properly overruled.

ERROR from Bexar.    Tried below before the Hon. E. J. Davis.

Suit by defendant in error against C. L Pyron as the drawer, and Asa Mitchell as the indorser, of a bill of exchange for $839, on Messrs. Watt & Noble, New Orleans, La.    The bill was drawn payable to Mitchell, and by him indorsed in blank.

The other facts appear sufficiently in the opinion.    Verdict and judgment for plaintiff.    New trial refused.

*J. D. Wade,* for the plaintiffs in error.

*J. A. Green,* for the defendant in error.

BELL, J.—We are of opinion that the court below did not err in overruling the objection to the admissibility of the notary's protest and certificate.    The petition was not sufficient, if proper exception had been taken to it, because it failed to allege that the defendants were merchants, or the factors or agents of merchants; and it is only in one of these cases that the statute permits the payee of a bill to fix the liability of the other parties to it, by protest and notice.    But the courts cannot look with favor upon objections taken to testimony during the progress of a trial, upon

the ground that the pleadings are insufficient, when there has been no exception to the pleadings. It is only where pleadings are wholly defective, and show no cause of action or no defence, that objections to testimony, because of the insufficiency of the pleadings, ought to be entertained. In the present case, the paper which is the foundation of the suit, has the appearance of being mercantile paper, and in the absence of proper exceptions and demand for proof, the court will indulge such a presumption.

The judgment of the court below is affirmed.

Judgment affirmed.