PAGE McDANNELL v. MARTHA E. HORRELL.

(Case No. 3842.)

1. PRACTICE — OBJECTION TO TESTIMONY. — The ruling of the court on an objection to the introduction of testimony, where the ground of objection is not stated, will not be revised by the appellate court unless it relates to the relevancy or competency of the evidence offered. 21 Tex., 783.

2. PLEADING — SPECIAL MATTER OF DEFENSE. — A defendant having pleaded special matter of defense, which is recited, will be confined to evidence which goes to support that defense, and evidence of other special defenses will be excluded. 21 Tex., 154.

3. EVIDENCE — OBJECTIONS TO TESTIMONY. — Courts do not look with favor on objections to testimony during the trial of a case taken upon the ground that the pleadings are insufficient, where no exceptions have been filed by the party objecting; and it is only when pleadings are wholly defective, showing no cause of action, or no defense, that objections to testimony because of insufficiency of the pleadings ought to be entertained. 27 Tex., 271.

4. DEED — MARRIED WOMAN CANNOT AVOID FOR HUSBAND'S FRAUD IN OBTAINING SIGNATURE. — The fraud of the husband in obtaining his wife's signature to a deed, or the failure of the officer taking her acknowledgment to explain it to her, will not avoid the deed of a married woman, which appears to be properly executed and acknowledged, in the absence of testimony connecting the purchaser with the wrongs complained of, or privity with the parties who may have committed them. 46 Tex., 207; 48 Tex., 141; 21 Tex., 640; 18 Tex., 644; 6 Tex., 208.

5. ACKNOWLEDGMENT — VALIDATING OFFICER'S CERTIFICATE. — The certificate of an officer taking a married woman's acknowledgment, which stated that she had been examined "separate" instead of "privily," was cured by the act of July 28, 1876, validating defective certificates of acknowledgment.

ERROR from Lampasas. Tried below before the Hon. W. A. Blackburn.

This was an action of trespass to try title brought in district court of Lampasas county on September 15, 1877, by plaintiff in error against the defendant in error, to recover lot 1 in block 3 of East Lampasas. The petition was in the ordinary form used in such suits. On September 27, 1877, defendant answered by a general denial, and specially that on and since February 19, 1876, she and her husband, M.

Horrell, now deceased, were residing on said lot, occupying it as a homestead, and continued to reside thereon until the death of her said husband in February, 1877, and that she and her children still resided thereon; that plaintiff claimed the land by virtue of a deed dated February 19, 1876, signed by M. Horrell, husband of defendant, who also wrote defendant's name thereto and required her to make her mark thereto; that said deed was never read or explained to her; that she did not know the said instrument was a deed; that the consideration expressed therein was inadequate, and she prays that said deed be canceled. The answer was not sworn to. Plaintiff filed exceptions to the answer, which do not appear to have been passed on by the court. The case was tried by the court without a jury, and judgment rendered for defendant on September 29, 1877. Motion for new trial filed by plaintiff on September 29, 1877, which was overruled on same day, and plaintiff gave notice of appeal to the supreme court. The petition for writ of error, bond and assignment of errors were filed December 21, 1878. Citation in error was issued on January 6, 1879, and served on January 10, 1879.

The first assignment of error is that the court erred in overruling plaintiff's objections to the testimony of W. L. Bradley, Mrs. Bowen, Mrs. Dixon and Martha E. Horrell (the defendant), the said testimony being offered to contradict the certificate of acknowledgment to the deed from the defendant and her husband to plaintiff, and which had been introduced in evidence by plaintiff.

The second assignment of error is that the court erred in rendering judgment for defendant and not rendering judgment for plaintiff, in this: plaintiff having introduced in evidence the deed from the defendant and her husband to the plaintiff, the evidence offered by defendant was insufficient to destroy the legal effect of the deed, it not being shown that the plaintiff, the grantee in the deed, knew that the requirements of the law in regard to the separate examination of married women had not been complied with.

*J. C. Mathews, A. G. Walker* and *J. W. Robertson,* for plaintiff in error.

*Walter Acker,* for defendant in error.

Walker, P. J.— The plaintiff relied upon a deed of conveyance from M. Horrell and his wife, the defendant, Martha E. Horrell, to him of the land in dispute, dated the 19th day of February, 1876, which, together with the certificate of acknowledgment, was by him read in evidence to the jury. The certificate of acknowledgment reads as follows, to wit:

The State of Texas, *Lampasas County.*

"Before me, A. P. Anderson, district clerk of said county, personally appeared M. Horrell and his wife, M. E. Horrell, both to me well known, and acknowledged that they signed the foregoing deed (the said M. E. by making her cross-mark) for all the uses, purposes and considerations therein contained; and the said M. E. Horrell being examined by me separate from her husband, said deed being fully explained to her, she acknowledged that she signed the same without any fear or compulsion on the part of her husband, that the same was her act and deed, and that she wished not to retract it."

It was admitted by counsel that defendant is, and was at the institution of the suit, in possession of the land.

It was in evidence that the defendant and her husband occupied the land as a homestead from January 1, 1876, until the death of her husband in January, 1877, and that she has continued ever since to occupy it as such.

The defendant then offered to prove by Mrs. Bowen, Mrs. Dixon and her own testimony that her husband was in the same room with defendant when she signed the deed, and that the deed was never read to her, to which plaintiff objected. The objection was overruled by the court, and the testimony was admitted, which was substantially the same as that given by W. L. Bradley, who testified that he was at the house of the defendant and her husband on the oc-

casion in question; that whilst he was there, A. P. Anderson, the district clerk of Lampasas county, was present, and had with him a paper of some kind; that Merit Horrell, the defendant's husband, told his wife he wanted her to sign the paper, and she went to the table where the paper was, and witness did not know whether she signed it or not. Merit Horrell was in the room at the time. Witness heard all the conversation between the parties, and there was no paper read or explained. Witness stated that he was there during all the time that Anderson remained, and that Merit Horrell was in the room all the time; and that said Anderson, Horrell and wife, Mrs. Dixon, Mrs. Bowen and himself were the only persons present.

The defendant answered by a plea of "not guilty;" and a special answer, alleging the facts heretofore stated as being in evidence in respect to the land being her homestead, and continued residence upon it as such; that the deed was signed by her husband, now deceased, who required her to make her mark thereto; and that said deed was never read nor explained to her, and that she did not know that said instrument was a deed. Defendant further answered that the consideration expressed in said deed is wholly inadequate, and prays for cancellation of the deed.

The objection made to the introduction of the evidence stated no reason therefor, and no ground will be entertained in revising the ruling of the court below, in such case, unless it relates to the relevancy or competency of the testimony offered. Stiles v. Giddens, 21 Tex., 783. The question, therefore, under the first assignment is whether the testimony under the pleadings was relevant. The defendant having pleaded the special matter of defense which has been recited, she will be confined to evidence which goes to support that defense, and evidence of other special defenses will be excluded. Mills v. Alexander, 21 Tex., 154. If the defense had charged fraud or imposition practiced upon her in obtaining the deed, in which the plaintiff participated, or to which he was privy, the testimony which was offered would have been admissible, as tending to establish a material fact

in the claim necessary to be proved, and the objection would have been ill founded; but there was no such plea. The special plea set forth no defense whatever; it was not merely a defective plea, it was wholly insufficient; it showed no defense. Courts do not look with favor on objections to testimony during the trial of a case, taken upon the ground that the pleadings are insufficient, when the party objecting had filed no exception to a pleading. It is only when pleadings are wholly defective, showing no cause of action, or no defense, that objections to testimony, because of the insufficiency of the pleadings, ought to be entertained. Pyron v. Butler, 27 Tex., 271. Therefore, here, the objection might well have been sustained; the testimony, although it went directly to support the allegations of the answer, nevertheless, when admitted, did not form a basis for any defense. The foundation of the error lies in the answer itself; the plaintiff ought to have excepted to it before the trial; the court, in admitting the evidence, but followed the plain rule which allows of evidence to support the allegations contained in the pleadings. The merits of the entire question are embraced in the second assignment of errors. The action of the court throughout indicated the opinion that the plea was a valid one, and if it was so, the evidence fully supported it, and warranted the judgment. But we are of the opinion that there is a fundamental error in the judgment, which has been sufficiently indicated in what has been already remarked. The sufficiency of the acknowledgment as to its form is not called in question by the defendant, in any manner, so far the record shows us, and the only defense which is relied upon is that which has been established by the evidence, and those facts do not in any wise connect the plaintiff with any imputed wrong in the acts complained of, nor of any knowledge on his part of, or privity with, the parties who may have committed them. The rule of law which governs this case is now well settled by repeated decisions of our supreme court. A married woman cannot avoid a deed to which her separate acknowledgment appears to have been taken by a competent officer, in the terms of

the law, on account of the deception and fraud practiced on her by her husband in procuring her signature, or the failure of the officer to acquaint her with the contents of the instrument, in the absence of evidence tending to charge those claiming under the deed with notice. Pool *v.* Chase, 46 Tex., 207. A married woman, in the absence of fraud, or of knowledge thereof on the part of the beneficiaries, in a trust deed, given on a *bona fide* consideration, cannot impeach the certificate of the officer taking her privy acknowledgment. Pouns *v.* Williams, 48 Tex., 141. The same principle is decided in Wiley *b.* Prince, 21 Tex., 640; Shelby *v.* Burtis, 18 Tex., 644; Hartley *v.* Frosh, 6 Tex., 208. The remark may be quoted here that was made by the court in Pouns *v.* Williams, *supra*, to the effect that this question is no longer an open one in the supreme court.

The deed from M. Horrell and his wife was acknowledged before a competent officer; the certificate of the officer to the examination of the defendant shows a substantial compliance with the terms of the statute. Belcher *v.* Weaver, 46 Tex., 294. The certificate does not show that she was examined "*privily*" and apart from her husband, as is contemplated by the statute of 1848. An act was passed by the legislature, approved July 28, 1876, p. 61, validating defective certificates of acknowledgment of married women, where the same were wanting in any word or words necessary to be contained in such certificate by the requirement of the existing statute and those previously enacted, "provided that said certificate shall show on its face that the married woman was examined by the officer taking the acknowledgment separate and apart from her husband, and, having the same explained to her, she declared that she had willingly signed the same, and that she wished not to retract it, or words to that effect." This law cured whatever defect may have existed for the want of the statement in it that the defendant was examined "privily" and apart from her husband.

The certificate does not, in every respect, follow the precise language of the statutes; but in all respects wherein it fails

to do so (except that relating to the privity of the examination), and wherever the words in the statutes are omitted, those which are substituted for them possess the same meaning, or represent the same fact.  Belcher *v.* Weaver, 46 Tex., 294.  The deed, therefore, being executed and acknowledged by both husband and wife in substantial compliance with the law, it passed the title to the grantee named in the deed; and the plaintiff, upon the evidence before the court, was entitled to recover, the defendant having offered no evidence to countervail the legal effect of the same.

We are of the opinion, therefore, that there is error in the judgment rendered in favor of the defendant, and that it should be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.