## Flynn & McSpadden v. David Lynch.

(No. 1096, Op. Book No. 2, p. 377.)

Appeal from Fort Bend County. Opinion by White, P. J.

§ 787. *Sequestration bond; must be in an amount at least double the value of the property; replevy bond not valid unless sequestration bond is.* Lynch sued Flynn & McSpadden for property valued at $135. He obtained a sequestration upon giving a bond in the sum of $200. The

writ was levied upon the property, and Flynn & McSpadden replevied by giving bond in the sum of $270. On appeal from justice's to county court, the latter court refused to quash the sequestration proceedings, and rendered judgment against Flynn & McSpadden and the sureties upon their replevy bond for the value of the property and the hire thereof. *Held,* the sequestration bond was not in compliance with the law, and should have been quashed. The law requires that such bond "shall be for a sum of money not less than double the value of the property to be sequestered." [R. S. 4492.] The sequestration bond being invalid, all proceedings occasioned by, incident to, or growing out of it, were void, and it was error, therefore, to render judgment against the sureties upon the replevy bond; and the sureties having appealed in this case are entitled to have the judgment as against them set aside. [Chatham v. Riddle, 8 Tex. 162.]

§ 788. *Hire; of wagon and team; excessive estimate of.* The property sued for and sequestrated was a mule and a wagon. The hire of the same was estimated on the trial in the court at $1 per day for the mule, and fifty cents per day for the wagon, for four hundred and sixty-three days. *Held,* that the proper mode of estimating the hire of the mule and wagon was not by the day. Such an estimate is not a reasonable one for the length of time for which the jury were called upon to assess hire. [Hutson v. Wilkinson, 45 Tex. 444.]

March 12, 1881.        Reversed and remanded.