FRANCISCA GARCIA DE GARCA V. JEREMIAH GALVAN.

(Case No. 595.)

1. FRAUDULENT CONVEYANCE.— No third party can question the validity
   of a conveyance from the husband to the wife, unless he was a
   creditor of the husband before the conveyance was made, or was a
   subsequent purchaser without notice.
2. EVIDENCE.— The declarations of a husband, introduced in a suit to
   which the wife is a party, to impeach a conveyance made by him
   to his wife, when made after the execution of the deed, cannot con-
   stitute such proof as to form the basis of a judgment, even though
   no objection be made at the time of their introduction in evidence.
3. PRACTICE — EVIDENCE.— Unless the ground of objection to the ad-
   missibility of evidence be stated when the objection is made, its
   admission will constitute no cause for reversal, if the evidence would
   have been admissible under any contingency.

APPEAL from Starr. Tried below before the Hon.
James A. Ware.

Galvan, on the 6th of July, 1874, sued out an attach-
ment against the property of Ramon Ramirez, to make
$600 gold, and interest from October 3, 1872. This writ
was levied upon sixty-five mares, sixteen mules, nineteen
horses, branded ——, found in possession of Ramon Ram-
irez on the Rancho Gonzalena, and valued at $1,000.

The appellant claimed said property, and gave bond for

the trial of right to the same in accordance with the statute.

At the spring term, 1875, of the district court, the cause came on for trial before a jury.

There were no issues made up under the directions of the court, nor are there any pleadings in the transcript.

The testimony introduced upon the trial for the claimant was:

1. A copy of a deed of gift from the records of Starr county, made to her by Ramon Ramirez, who was her husband, on the 14th of July, 1868, duly acknowledged for record, conveying to her his interest "in all stock, whether horses, cattle or sheep, branded thus: (giving her brand), which I have now on my ranch in said county of Starr, known as ' El Rancho de San Blas de la Gonzalena,' situated on the lands known as ' Los Agostaderos de la Gonzalena y los de la Mesa de San Francisco,' and the future increase of the same."

2. The claimant also proved the recordation of her brand on July 14, 1868, on the records of brands of Starr county.

3. Two or three witnesses testified for her, that they were her servants and paid by her; that the stock on the Gonzalena ranch was regarded by the servants as her stock; that her son kept the accounts of the ranch and stock in her name.

Galvan read the attachment and return of the sheriff of the levy of the property named in possession of Ramon Ramirez. The sheriff testified that Ramon pointed out the stock to him; "that he declared the stock to be his, but that he had put his property in his wife's name to avoid just such trouble and cases as this."

The stock were seized upon the Gonzalena rancho.

The judge charged the jury at length, embodying substantially these propositions as the law applicable to the case:

1. That the claimant must prove that the conveyance from her husband to her was made *bona fide;* and

2. That the animals levied on were not the increase of those mentioned in the deed; and that if she failed to do so, the jury should find for Galvan, and that the property was subject to execution.

3. That "the fact of the brand being on the mules does not give her any claim to them under the deed. The deed of gift does not mention mules, and unless she has proven that the mules are her property, find that the porperty is subject to the levy."

4. That if the conveyance was made by Ramon to his wife for the purpose of hindering and delaying his creditors, they should find a verdict for Galvan, and "that the delarations of Ramon made subsequently to the conveyance are evidence of his intentions in making the conveyance, whether *bona fide* or not, but are not conclusive, and the jury will give his declarations such weight, in connection with the evidence in the case, as they think they are entitled to.

The jury returned a verdict for Galvan, upon which judgment was rendered against the claimant and her sureties; a motion for a new trial was made and overruled, and the claimant appealed.

The errors assigned embraced exceptions to the charges of the judge, to the overruling the motion for a new trial, and that the judgment is against the law and evidence.

*Powers & Maxan,* for appellant.

*Wm. H. Russell,* for appellee.

QUINAN, J. COM. APP.— 1. Whether the conveyance from Ramirez to his wife was made *bona fide* or not, was not properly a question in the case. It was a conveyance which, under the law, he could make, was upon a good

consideration, and unquestionably valid as between the parties to it. It could be questioned only by subsequent purchasers from Ramon without notice, or by the existing creditors. It is made in 1868, conveys property by the brand, and that was recorded on the same day. Whether Galvan was a creditor of Ramirez or not at the date of the issuance of his attachment, it is very certain that no proof was offered to show that he was a creditor of Ramirez at the execution of the deed, and he had therefore no right to question its validity. He could not be said to have been hindered or delayed by it in the collection of a debt of the existence of which he offered no proof. The charge of the judge upon this point was without evidence to warrant it, and therefore erroneous. Reynolds *v.* Lansford, 16 Tex., 287; Earle *.v.* Thomas, 14 Tex., 583; Hampton *v.* Dean, 4 Tex., 455; Hutchins *v.* Masterson, 46 Tex., 551.

2. There was no proof introduced to show that the stock levied on was the increase of the stock conveyed by Ramon to his wife. The charge, therefore, in respect to the increase of the stock was wholly irrelevant, and could only tend to mislead the jury. Whether, if it were proven that such was the fact, that it was the increase, that the property would then become community property, we need not decide. From 1870 to 1876 the constitution recognized the right of the wife to the increase of her separate property. And during that period, at least, the increase of the stock which had been conveyed to Francisco, and had become her separate property, would be also her separate property. And we are unable to see why Ramon could not also by his deed of this specific stock and its future increase to his wife, make the increase her property. It is not clear to us how such a conveyance would be in derogation of the marital rights law. And it could work no injustice to creditors and others who had notice of it.

3. It was error to charge in effect that the brand of the claimant recorded was not proof of ownership. It is the very purpose of the law in requiring the registration that it shall be notice and *prima facie* proof of ownership.

4. The declarations of Ramon as to his intention in making the deed were wholly inadmissible against his wife. They were incompetent proof, and entitled to no weight. That the declarations of a grantor made after the execution of his deed should be received to destroy the deed he had made, is against reason and against law, and it is especially so in the case of a husband denouncing the title of his wife.

As said by Chief Justice Hemphill in McKay *v.* Treadwell, 8 Tex., 176, such declarations should not only be rejected, but the vigilance of the court should be aroused, and measures taken to shield her from danger in that quarter.

The statements of Ramon were not objected to on the trial, but that omission did not make them proof. "The admission of such evidence without objection does not add weight to it, if intrinsically it had none, and should have been excluded upon objection. Evidence does not have weight because it is admitted, but it is admitted because it deserves to have weight." Sharp *v.* Baker, 22 Tex., 315.

In Gee *v.* Scott, 48 Tex., 510, it was held that the husband could not be a witness for or against the wife on the ground of public policy. This rule applies with double force to his mere declarations.

We are of opinion that a new trial should have been granted; the verdict was against the testimony.

The claimant made out a *prima facie* case. The gift of the property to her of the stock on the Gonzalena ranch, where it was managed as hers, the recordation of her brand, the seizure of the property on the Gonzalena ranch, with her brand upon the animals, — proof of these

facts were sufficient to warrant a recovery. Galvan did not establish by any proof his right as a creditor of Ramirez to question the validity of her title.

5. The appellee insists that the certified copy of the deed of gift from Ramirez to his wife was improperly admitted in evidence, there being no affidavit filed of the loss of the original, or the inability of the appellant to procure it. It is true the statement of facts shows that objection was made to the introduction of the copy, but it is not stated upon what ground. Where objection is made to the admissibility of evidence, the objector must specify the ground of its inadmissibility. The preliminary proof necessary to the admission of the copy was addressed to the judge. We must presume that the proof was made which authorized its admission. An objection which does not state the reasons for the rejection of the testimony, if, under any contingency, the evidence offered would be properly admitted, will not be considered on appeal. Rule 57, Sayles' Practice, 593; Stiles v. Giddens, 21 Tex., 783; Trigg v. Moore, 10 Tex., 200.

For the errors indicated, the judgment ought to be reversed and cause remanded.

REVERSED AND REMANDED.