MATTHEWS et al. v. MONZINGO.
No. 2185.

Court of Civil Appeals of Texas. Beaumont.
Feb. 18, 1932.

Rehearing Denied Feb. 24, 1932.

Arthur A. Seale and C. C. Denman, both of Nacogdoches, and J. J. Collins, of Lufkin, for appellants.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J.

This was an action by appellants, Mrs. Amanda E. Matthews and her husband, I. L. Matthews, against appellee, S. F. Monzingo, for damages resulting from a collision between their passenger automobile and appellee's automobile truck in which Mrs. Matthews received personal injuries and their automobile was seriously damaged. Several acts of negligence were pleaded against appellee, and he answered by general demurrer and by pleas of contributory negligence, etc. The jury found in favor of appellee on all issues of negligence submitted, and in favor of appellants on the issue of contributory negligence, but found that the damages suffered by appellants resulted from an unavoidable accident. On the verdict, judgment was entered against appellants and in favor of ap-

pellee, from which they have appealed to this court.

■ The one point made on the appeal is that the court committed reversible error in permitting appellee to testify that he had never known Mr. Carter, the driver of his truck at the time of the accident, to have an accident or to hit anything while driving an automobile, prior to the accident in question. The exact language of the witness thus excepted to, as taken from the statement of facts, was as follows: "I have never known him to have any collision or headin with anything up to this time; this is the only one." Or, to quote the language from the bill of exception, the witness testified that he "had never known Mr. Carter * * * to have any accident or hit anything up until that time." The only objection to this testimony was that it was "immaterial, irrelevant and was prejudicial to the plaintiffs' case before the jury." On this issue, without objection, appellants permitted appellee's witness Carter to testify:

"My name is Sam Carter. I now live at the intersection of Hospital and Mound streets in Nacogdoches. I have been living in Nacogdoches nearly fourteen years. My principal occupations since I have been here has been driving trucks and busses. I have been actively and continuously engaged in driving trucks or automobiles on the public highways for twenty-two years. As to what experience I have had with various kinds of automobiles, I will state that I have had experience from the very first model Ford on up to the present style and kind of automobile. I know the mechanism of a car from having driven cars. I have the ability to keep up an automobile. During the time that I have been driving I have been observing the various parts and working of them and so forth. As to when I first began driving the San Augustine route, I will state that I have never driven continuously on the San Augustine route; I only drive it at intervals. I was working for Mr. Monzingo during the year 1930; I was driving a Ford truck from here to Shreveport. I had occasion on June 9th to drive a truck for Mr. Monzingo on the San Augustine and Nacogdoches highway; I drove the truck that time to Chireno. I had been driving that truck for about five or six months. That truck was about nine or ten months old, maybe a little older, and it was in ordinary good running condition, outside of ordinary wear and tear of a truck of that kind. We had a mechanic to go over and inspect those trucks every Saturday—once a week. As to whether I know whether or not that one had been gone over by anyone and when and who, I think Bert Foote was the last man that worked on it prior to that time, which I believe was the day before; I am quite sure that is right. It is my custom to look over the car and see whether it is in good condition or needs repairing every morning. It must have been about twelve-forty-five or one o'clock when I left Nacogdoches that day. I carried Wilson Packing House products to Chireno. I got to Chireno about one or one-forty-five, and only stayed there about fifteen minutes. I did not stop as I came back. I believe Mr. Foote examined that car the day before. I had not gone anywhere else that morning with that truck. Nobody else had had anything to do with the truck or drove it to my knowledge. In going to Chireno I did not run against or into anything. I did not run into or against anything coming back until I got where the wreck was. I was driving the truck at the time of the wreck in front of Mr. Hamby's. I had not run into any other car or anything before I got there. I had never hit anything in my life before; that is the first object I ever hit of any kind."

Also, without objection, appellee testified as follows: "Sam Carter has been driving for me about two years. During that time he has driven a truck. I know his general reputation during that time as to whether or not he is a careful, considerate driver; that reputation is good."

It was in this connection and, as shown by the statement of facts, immediately following the testimony as to Carter's general reputation as a driver, that appellee gave the testimony complained of. On the record thus presented, appellants' bill of exceptions does not reflect reversible error, because, if for no other reason, other testimony on the same general issue was received without objection. On the issue of Carter's general reputation as a truck driver, which appellants permitted appellee to develop without objection, it cannot be said that the testimony complained of "was immaterial, irrelevant and prejudicial." It was directly pertinent to the issue of general reputation. We say further that on the record as developed the objections reserved by appellants to this testimony were too general to constitute error. The specific error complained of should have been called to the court's attention. Early-Foster Co. v. Mid-Tex. Oil Mills (Tex. Civ. App.) 208 S. W. 224, 226; Morgan v. Gordon (Tex. Civ. App.) 13 S.W.(2d) 905, 906; Sigafus v. Porter (C. C. A.) 84 F. 435.

For the reasons stated, the judgment of the lower court is in all things affirmed.