## McEWEN v. TEXAS & P. RY. CO.
### No. 1530.

Court of Civil Appeals of Texas. Eastland.
March 13, 1936.

Scarborough & Ely, of Abilene, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

FUNDERBURK, Justice.

By this suit J. D. McEwen sought recovery of damages from the Texas & Pacific Railway Company for personal injuries to his wife, alleged to have been sustained by reason of the negligence of the defendant, through its employee, in assisting her to alight from a passenger train at Abilene, Tex. Special issues were submitted to a jury upon which was returned a verdict finding that Mrs. McEwen was a passenger; that she fell when she started to get off the train; that she received personal injuries when she fell; that defendant's employee was negligent in the way and manner he undertook to help her get off the train; that such negligence was the proximate cause of the injuries and resulted in damages in the sum of $2,500. By said verdict it was also found that when Mrs. McEwen started to get off the train she failed to exercise ordinary care for her own safety which was a proximate cause of her injuries. Based upon the issues and findings re-

lating to contributory negligence, the trial court gave judgment for the defendant, from which the plaintiff has appealed.

Appellant's first assignment of error is that: "The court erred in permitting the defendant to prove over the plaintiff's objection that plaintiff's wife was fond of playing bridge." The proposition submitted under said assignment is that: "The court erred in permitting the defendant, over the objection of the plaintiff, to prove by plaintiff's wife that she was fond of playing cards. Such testimony was immaterial, not pertinent to any issue in the case, and was prejudicial and inflammatory." Counsel for defendant asked the witness the question: "Mrs. McEwen, is it not a fact that you are rather fond of playing bridge?" Counsel for plaintiff said: "We object to that. I do not think that is material." The court overruled the objection. Then counsel for plaintiff said: "Note our exception. May it please the court as to whether or not she was fond of playing bridge—." The court replied: "The court has already ruled." Then counsel replied: "I want to get my exception; on the ground that whatever may be her mode of amusement could not have any bearing on the extent of her injury." There is no bill of exception and the nature of the objection and the action of the court is to be determined only from the proceedings just detailed.

■ It is our view that the objection was in substance and effect only that the testimony was immaterial, or at most irrelevant and immaterial, and therefore came within the classification of a general objection. The authorities, we think, support a proposition of law which may be stated as follows: A general objection to evidence— meaning one which does not definitely and specifically state the grounds on which it is based so that the court may intelligently rule on it—is, as a general rule, insufficient. 64 C.J. 180, § 203. For examples of such general objections with the objection in some of the cases parenthetically noted, see Early-Foster Co. v. Mid-Tex Oil Mills (Tex.Civ.App.) 208 S.W. 224 (immaterial); Morgan v. Gordon (Tex.Civ.App.) 13 S.W. (2d) 905 (irrelevant and immaterial); Padgitt Bros. Co. v. Dorsey (Tex.Civ.App.) 206 S.W. 851 (irrelevant and immaterial); Moorman v. Small (Tex.Civ.App.) 220 S. W. 127 (irrelevant and immaterial and might prejudice the jury); Moore v. Miller (Tex.Civ.App.) 155 S.W. 573 (irrelevant and immaterial); Matthews v. Monzingo (Tex.Civ.App.) 46 S.W.(2d) 424 (immaterial, irrelevant and prejudicial); Capitol Hotel Co. v. Rittenberry (Tex.Civ.App.) 41 S.W.(2d) 697; Glens Falls Ins. Co. v. Bendy (Tex.Civ.App.) 39 S.W.(2d) 628 (prejudicial); Kansas City, M. & O. R. Co. v. Foster (Tex.Civ.App.) 38 S.W.(2d) 391 (immaterial and irrelevant); El Paso & S. W. Ry. Co. v. Smith, 50 Tex.Civ.App. 10, 108 S.W. 988; City of San Antonio v. Potter, 31 Tex.Civ.App. 263, 71 S.W. 764; Perkins v. Buaas (Tex.Civ.App.) 32 S.W. 240; Postal Telegraph Co. v. Sunset Const. Co. (Tex.Civ.App.) 109 S.W. 265; St. Louis, B. & M. Ry. Co. v. Fielder (Tex. Civ.App.) 163 S.W. 606; Galveston, H. & S. A. R. Co. v. Powers (Tex.Civ.App.) 101 S.W. 250; Leftwich v. State (Tex.Cr.App.) 55 S.W. 571.

To said general rule certain exceptions have been declared as follows: "where the ground therefor is so manifest that the trial court could not fail to understand it" [Cheatham v. Riddle, 8 Tex. 162; St. Louis, B. & M. Ry. Co. v. Fielder, supra; Missouri, K. & T. Ry. Co. v. Johnson (Tex. Civ.App.) 126 S.W. 672; Texas Brewing Co. v. Dickey (Tex.Civ.App.) 43 S.W. 577], or "when the evidence offered is clearly irrelevant and incompetent" [J. I. Case Threshing Mach. Co. v. O'Keefe (Tex.Civ. App.) 259 S.W. 222; Farmers' Mill & Elevator Co. v. Hodges (Tex.Civ.App.) 248 S. W. 72; McDannell v. Horrell, 1 Posey, Unrep.Cas. 521], or, "inadmissible for any purpose." Stiles v. Giddens, 21 Tex. 783; Cheatham v. Riddle, supra; Missouri, K. & T. Ry. Co. v. Johnson, supra. Or, "the objection is of such nature that it could not have been obviated." 64 C.J. 185, § 205.

■ The gist of the complaint against the introduction of the evidence as set forth in the brief is that it was prejudicial. We think it is correct to say that the objection, aside from the matter of its being general and not one coming within any of the exceptions to the general rule, did not include the element that it was prejudicial. C. W. Hahl Co. v. Cunningham & Hardy (Tex.Civ. App.) 246 S.W. 108; Moore v. Miller (Tex. Civ.App.) 155 S.W. 573. In De Garca v. Galvan, 55 Tex. 53, the court said: "An objection which does not state the reasons for the rejection of the testimony, if, under any contingency, the evidence offered would be properly admitted, will not be considered on appeal." We think if it should be conceded that the testimony in question under any contingency was of a nature calculated

to be prejudicial, it was not so clearly and certainly so as to relieve the appellant of the necessity of pointing out in his objection why it was so, in order to have the court's action reversed.

■ The next assignment of error is that: "The court erred in commenting on the weight of the testimony of Dr. Lee, and in commenting on the questions asked by counsel for plaintiff." The proposition under this assignment of error is that: "The court erred in commenting on the weight of the testimony and interfering with the plaintiff on the cross-examination of the witness Dr. Lee. The court's comment in connection with this testimony was a violation of the statute which prohibits the court from commenting on the weight of the testimony." It is apparent that the proposition is broader than the assignment of error, in that it also asserts error of the court in "interfering with the plaintiff in cross examination of the witness." The assignment of error does not raise such question. Looking to the record for support of the assignment we find the following: Relative to a certain matter previously inquired about the following questions and answers ensued:

"Q. You don't mean to say it didn't occur? A. I couldn't say it did occur.

"Q. I am not asking you that.

"The Court: Let's don't go any further.

"Mr. Scarborough: I didn't understand the court.

"The Court: Do not go any further with those kind of questions and answers.

"Mr. Scarborough: Well, he is down here—

"The Court: Ask him a pointed question.

"Mr. Scarborough: I did.

"The Court: The court don't agree with you.

"Mr. Scarborough: I want an exception to the remarks of the court."

The ground of the exception was not stated. In our opinion, this does not support the assignment of error as showing a comment on the weight of the testimony, or as reflecting any action of a prejudicial nature.

■ The third assignment of error is that: "The court erred in permitting the defendant to prove that the plaintiff worked in restaurants in oil fields, and then refusing to permit the plaintiff to prove that she worked as a matter of necessity." The proposition asserted is: "It was error for

the court to refuse to permit the plaintiff upon redirect examination to prove by the plaintiff's wife that she worked as a matter of necessity, rather than as a matter of choice." The witness was asked: "Did you work as a matter of choice or as a matter of necessity?" Some previous objection was renewed which the court announced he would sustain. There had been no objection to the witness testifying that she worked in various places and a previous question asked and answered was: "Q. You have been asked about where you worked and when you worked, etc., did you have anybody to support you? A. No, sir." An objection to this answer had been overruled, and it therefore seems probable that the objection that was sustained was upon the ground that it was a practical repetition. At any rate, it does not clearly appear that under no circumstances should the court have sustained the objection, and there is no bill of exception making clear that the circumstances were such as to show that its exclusion was error.

■ The fourth assignment of error is: "The court erred in excluding from the jury the testimony of the plaintiff's wife that Dr. Lee had advised her to go to the hospital, and that she did not go because she did not have the money to pay the hospital charges." The proposition asserted thereunder is: "It was error for the court to exclude the testimony of plaintiff's wife that Dr. Lee had advised her to go to the hospital, and she did not go because she did not have the money to pay for the hospital charges." The statement of facts (there being no bills of exceptions) does not sustain the contention that any testimony was excluded. After the witness had been asked the question, "And what did Dr. Lee do about guaranteeing the bill?" and the witness had answered, "He wouldn't," counsel for defendant reminded the court that his objection went to all that testimony. The court then said: "I think I will sustain the objection. I think that is far enough." If, therefore, any testimony was excluded by this ruling of the court, the record does not disclose what it was.

■ Finally, the fifth assignment of error is: "The court erred in charging the jury that the defendant owed the plaintiff's wife an ordinary degree of care when he should have charged the jury that the defendant owed the plaintiff's wife that degree of care which a very careful and prudent

·person would have exercised under the same or similar circumstances." The proposition under this assignment is: "The court erred in charging the jury that the degree of care for the carrier was ordinary care, whereas the law is that it is the duty of the carrier to exercise a high degree of care." This being a case submitted to the jury upon special issues, there was no occasion for the court to charge the jury, in the sense of instructing the jury upon the law of the case, and it would have been error to do so. The court did not give the jury instructions upon the law of the case, but, as was proper, only definitions of such terms as "negligence," "contributory negligence," "unavoidable accident," "proximate cause," and "ordinary care." The court defined "negligence" as follows: "Negligence is the doing of that which an ordinary prudent person would not have done under the same or similar circumstances, or the failure to do that which such a person would have done under like circumstances." Appellant objected to this definition as follows: "Plaintiff excepts and objects to the court's definition of the term 'negligence' as applied to the facts of this case in this: That the court failed to tell the jury that in the relationship of passenger and carrier it is the duty of the carrier to use that degree of care which a very careful and prudent person would use under the same or similar circumstances; whereas, the court in its definition has told the jury that negligence would be the doing or the failing to do (that ?) which an ordinarily prudent person would do under the same or similar circumstances. Thus imposing a greater burden upon the plaintiff than the law requires and not putting as much burden on the defendant as the law requires." Manifestly, this ·objection logically implies the contention that the legal term "negligence" has different meanings; that the term when used in the relation of passenger and carrier means one thing, and when used in some other relationship means something different. The question involved in this interesting suggestion we do not find necessary to determine in this case. Regardless of how it should be determined, it would not in any manner affect the disposition of the appeal because the judgment rests upon findings that negligence of the plaintiff was the proximate cause of her injuries, thereby precluding recovery. If there was any error in the respect claimed, it was clearly harmless; since the jury found the issue to which it is applicable, in favor of the appellant.

Being of the opinion that no error in the judgment is shown, and that it should be affirmed, it is accordingly so ordered.