Hesiphill, Cu. J.
The ground for tlie exclusion of the testimony of Tilomas Wright is not stated, and it is not easily to be perceived. Tlie appel-lees have not appeared, and we have not the benefit of an argument in support of tlie ruling of tlie court. The witness was not a party to tlie record; lie had no certain, legal, and fixed interest in tlie event of tlie suit. lie could not avail himself of tlie judgment as evidence in any future action. There was no warranty in the bill of sale; but if there were, or if under the facts ho could be required to warrant the title to. the plaintiff Maria, yet liis interest would at least, be balanced as between tlie plaintiff and tlie execution creditors. If tlie plaintiff recovered, the witness would remain indebted on the execution. If judgment were for the defendants, and tlie witness were bound in warranty to the plaintiff, lie would he responsible to the plaintiff' to that extent. In no aspect does the witness appear to be disqualified, and there was error in excluding his testimony, (1 Phil. Ev., p. 86; Cowen & Hill’s Notes, part 1, pp. 78, 116, 130; Greenl. Ev., see. 326. 386, et seq.)
Tlie second assignment involves tlie question of tlie admissibility iu evidence of the husband’s declarations in prejudice of tlie rights of the wifei
Tlie general rule is, that husband and wife caVmot give evidence for and against each oilier; and the same rule is applicable to their declarations respectively. (1 Phil. Ev., pp. 69, 76.)
This author deduces from authorities the general rule that where an action is brought, by or against tlie husband, or by the husband and wife jointly in right of tlie wife, her declarations cannot be used for or against tlie husband; and among other cases cited is Alban et al. v. Pritchett, 6 Tex. R., 680. Tlie *90 rule as laid clown is fully supported by tlie case. A joint suit by husband and wife, though brought in right of the wife, is said to be his rights, and her admissions to his prejudice were excluded. The editors of Cowen & Hill’s Notes differ from the
learned author in laying down the rule, in general, that the declara! ions of the husband shall not be received to affect the wife; and they say it is believed, that where they are joint parties, (as they must be if both are alive, either as plaintiffs or defendants, even in respect to matters which, independent of 1 he coverture, would concern the wife alone,) the husband’s decla-ra! ions should be received against both; otherwise, where she is a sole partv, claiming under a right paramount to that of her husband after his deatii, though his admission may ha made during coverture. (Note G4, 1 Part, Cowen & liill’s Notes.) For the latter proposition reference is made to Smith v. Scud-der. 11 Serg. & Kawle, p. ;12;>. On examining this case it will be found that the exclusion of the admissions of the husband was not restricted to the circumstance that the suit was brought bjr the wife alone after the death of her husband, but was placed on (he ground that the admissions extended to transactions relative to her properly accruing before their marriage. His admissions and acts in reference to his wife’s claim made during coverture — (lie transactions taking place at a time when he had a right as á husband to receive payment of sums due his wife and convert the same to his own use — were received as evidence, and his acts as a discharge pro tanto of the claim set up by the widow after'his death. Without entering into an extended examina! ion of this subject, not having the bandit of elaborate researches by counsel, and wilhout attempting to decide whether the rule laid down by the author or that by his commentators be the more correct, it seems to me that in cases where, as ail exception to the general rule, the admissions of husband or wife may be received to affect the other party, who is the one really interested, although they may be joint parlies in the suit, it must be on the ground that the party making (lie admission iiatl authority, express or implied, from the party in interest for that purpose.
Al common law the legal existence of the wife is in a great degree annihilated ; yet ‘ bisection does not even there always hold, for her admissions made under express or constructive
authority will bind the husband. (1 Phil. Ev., 3S4.) Hut- whether such lie the rule above stated or not, applicable in courts of justice regulated and controlled by English jurisprudence, it must be the law of evidence under our system of marital rights. The admission of the declarations of the husband in prejudice of the rights of the wife to her separate properly would contravene the spirit and object of the Constitution and laws by which her separate rights arc guaranteed, unless they he made in eases where, lie is constituted by law her virtual agent or where authority from her may be inferred. Her right and title to her separate property are as ample, exclusive, and plenary as the right and title of (he husband to his separate property; yet her admissions in prejudice of the husband’s rights to his separate property, made without agency or authority, would at once be excluded. The same rule should he. extended io the admissions of the husband. The rights by which they hold their property respectively are perfectly equal, and there is no more ground for the admission of the unauthorized declarations of the husband to the wife’s <1 ■trimant than for the admission of those of the latter, to the injury of the former. It i- ti tie that, by law the husband has the sole management during the. marriage of the separate, property of the wife. Without denying or assenting to the' constitutionality of this provision, taken in the comprehensive scope of which its terms are, by construction susceptible, it will be sufficient to say that. it. confers upon the'husband the authority of management only. This invests him with such control and powers as are incident and necessary to (he du- exercise of his authorily. but gives him no power over matters affect higher right or title to the property, or to perform any act by which such title may be. endangered. The law also confers authority upon him to sue, either alonó or jointly for the recovery of her effects. In (he commencement and prosecution of such action he is by law vested with an *91 agency; and liis acts witliiu tlie scope of his authority done fairly and honestly, in tlie execution of his trust, must be binding upon his wife, who is principally interested in tlie suit. But this embraces only acts done or admissions made after the institution of the suit and not before the inception of such agency. The admissions of an executor, administrator, orprochain ami, made before he is clothed with authority, cannot be received against the infant in tlie latter ease, nor against himself in the former case as the representative of the heirs, devisees, or creditors. (1 Greenl., 170.) On a similar principle the admissions of the husband made without authority before suit cannot be received to affect the rights of the wife, though he may, subsequent to such unauthorized admissions, become by authority oil law a joint party with her for the recovery of her separate, rights. Were such admissions known before the commencement of the suit, and if they proceeded from knavery or wilful negligence on the part of the husband of "the wife’s rights and not from mere imprudence, the. suit ought to ho brought in tlie name of the wife alone, the husband being joined with the other parties as co-defendant. This at least should he the case where he has attempted to convey away the property of the wife. But where such admissions of the husband arc brought to light for the first time during the trial they should not only bo rejected,' but the vigilance of tho court for the protection of the rights of tlie wife, in danger of sacrifice from the folly and, in some insí anee, bad conduct of her legal protector, should be aroused, and measures shopld ho taken to shield her from danger in that quarter. These remarks have no application to this case, as no doubt tlie rights of the wife were-prosecuted and maintained with the zeal and ability which distinguished tlie counsel engaged for tlie plaintiff's. Wo arc of opinion that the admission of the declarations of the husband, as objected to in the bill of exceptions, was erroneous, and for these errors it is ordered that the judgment be reversed and the cause remanded for a new trial.
Reversed and remanded.