### J. D. GORDON ET AL. v. S. P. WILLSON ET AL.

Motion No. 1737.   Decided October 23, 1907.

**Appeal—Jurisdiction—Creation of New Court.**

The Act creating the Court of Civil Appeals for the Sixth District going into effect on July 11, 1907, an appeal perfected on July 9th was not returnable to that court, and mandamus to require the court to order the clerk to file transcript therein must be refused. (Pp. 43, 44.)

Original application to the Supreme Court for writ of mandamus against the judges of the Court of Civil Appeals for the Sixth District.

*Lennox & Lennox,* for relators.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a motion to file a petition for mandamus against the judges of the Court of Civil Appeals for the Sixth Supreme Judicial District.

In a suit brought in the District Court of Red River County by relators against J. J. Rhodes and M. E. Daniel, who are made co-respondents, there was a judgment for defendants. The plaintiffs gave notice of appeal to the Court of Civil Appeals of the Fifth Supreme Judicial District and perfected their appeal by giving an appeal bond on the 9th day of July, 1907. They, in due time, tendered the transcript to the clerk of the Court of Civil Appeals for the Sixth Supreme Judicial District and asked it to be filed, which he declined to do. Thereupon they moved the court to compel him to do so, but their motion was overruled. They pray in their petition that the judges of the Court of Civil Appeals for the Sixth Supreme Judicial District be compelled "to order the transcript filed and to proceed with the trial of said cause in the due order of business."

Since we have power to issue writs of mandamus to the Court of Civil Appeals in order to enforce our jurisdiction (Constitution, art. V, sec. 3), we would have power to issue the writ provided a proper

case was made for its exercise.  But the appeal was perfected in this case on the 9th of July, 1907, and the law establishing the Court of Civil Appeals for the Sixth District did not go into effect until the 11th day of that month.  Hence, when the appeal was perfected the case was appealable to the Fifth District; and immediately upon the perfecting of the appeal the jurisdiction of the latter court attached and necessarily remained there in the absence of some legislation authorizing its transfer to the Sixth District.  The Court of Civil Appeals for the Sixth Supreme Judicial District had no jurisdiction of the cause, and it properly declined to order the transcript filed.

For these reasons the motion to file the petition for the writ of mandamus is overruled.