STEWART v. THOMAS et al. (No. 8252.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 30, 1915.)

1. VENDOR AND PURCHASER ⬤⟿253 — VENDOR'S LIEN — FORECLOSURE — UNCERTAINTY AS TO LAND SOLD.

Where the description of land in a deed was defective as showing only three surveyor's calls, while the only description of the land in the purchase notes was by reference to the deed, in suit on the notes to recover personal judgment against the maker and indorser, and also for foreclosure of the vendor's lien, decree of foreclosure was erroneous, in the absence of proof that the omission in the description was by mutual mistake of the parties, or proof to show what property they really intended should be conveyed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 637–640; Dec. Dig. ⬤⟿253.]

2. EVIDENCE ⬤⟿185—BEST EVIDENCE—SECONDARY EVIDENCE OF DEED.

Where, in a suit to foreclose a vendor's lien, plaintiff alleged that the original deed to the land was in defendant's possession, and that the latter had been duly notified to produce the same and had failed to do so, there was a proper predicate for secondary evidence of the contents of the original deed by means of the deed record.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 642–660; Dec. Dig. ⬤⟿185.]

3. JUDGMENT ⬤⟿951 — ADMISSION IN EVIDENCE.

In suit to foreclose a vendor's lien, where the only objection to the original judgment of partition admitted in evidence to show that title to the purchase money notes was vested in plaintiff's wards was that such judgment affected title to land and had never been recorded, its admission was proper.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. ⬤⟿951.]

4. BILLS AND NOTES ⬤⟿129—SUIT AS ELECTION TO DECLARE DUE.

Where, in suit to foreclose a vendor's lien and for personal judgment against maker and indorser of the purchase-money notes, the notes contained stipulations that a failure to pay one when due should, at the election of the holder, mature both notes, one of the notes being long past due when suit was brought, the institution of suit was of itself sufficient to show an election by the holder to declare the second note due.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 283–292; Dec. Dig. ⬤⟿129.]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit by Austin Thomas and others against H. L. Stewart and another. Judgment for plaintiffs, and the named defendant appeals. Reversed and remanded for another trial as to appellant.

Kearby & Kearby, of Comanche, for appellant. Smith & Palmer, of Comanche, for appellees.

DUNKLIN, J. H. L. Stewart purchased a tract of land from J. H. Magness, and in part consideration therefor executed two promissory notes for $250 each, one payable November 1, 1913, and the other one year later. Thereafter the notes were sold to W. Thomas by Magness, who duly indorsed them. Later, in a certain suit for partition, styled Ada Thomas v. W. Thomas, the indorsee, the notes were set aside to Austin Thomas and other minors. The guardian of these minors instituted this suit to recover personal judgment against the maker and indorser, and also for a foreclosure of the vendor's lien upon the land for which they were executed, and from a judgment against both defendants for the relief prayed for H. L. Stewart has appealed.

[1, 2] In plaintiff's petition it was alleged that, through clerical error in drafting the deed from Magness to Stewart, one of the calls in the description of the land was inadvertently omitted, such omission being a

mutual mistake of the parties; that the land which they intended to be embraced in said deed was the tract correctly described in the petition. The judgment of foreclosure described the land according to the alleged corrected description. The deed executed by Magness to Stewart at the time the notes were executed was introduced in evidence and also the notes. The description of the land contained in the deed showed only three surveyor's calls and was wholly insufficient as a predicate for the foreclosure, while the only description embraced in the notes was by reference to the deed. No evidence was introduced to sustain the allegation that such omission in the description was by mutual mistake of the parties, or to show what property the parties to the deed really intended should be conveyed; and, in the absence of such proof, the decree of foreclosure was erroneous. The deed from Magness to Stewart had been recorded in the deed records of Comanche county, and this record was introduced in evidence instead of the original or a certified copy. Stewart objected to this proof on the ground that it was secondary evidence and plaintiff had failed to file with the papers a certified copy of the deed and give notice to Stewart of such filing. But, as shown in the court's explanation of the ruling, plaintiff had alleged that the original deed was in the possession of Stewart, and he had been duly notified to produce same upon the trial and had failed to do so. This showed a proper predicate for secondary evidence of the contents of the original deed.

[3] Likewise, there was no error in admitting in evidence the original judgment of partition in the suit of Ada Thomas v. W. Thomas to show that title to the notes described in plaintiff's petition was vested in plaintiff's wards; the only objection offered to such proof being that said judgment affected title to land, and had never been recorded in the deed records of Comanche county.

[4] The notes in suit each contained a stipulation that a failure to pay same or any installment of interest thereon when due should, at the election of the holder, mature both notes. One of the notes was long past due when the suit was instituted, and the institution of the suit to collect both was of itself sufficient to show an election by the holder to declare the second note due without further proof of that fact on the trial, as appellant insists should have been furnished.

Since the judgment against Stewart is to be reversed, and as he has undoubtedly entered his appearance for another trial, other assignments of error questioning the sufficiency of service of citation upon Stewart will not be discussed.

For the error indicated, the judgment against appellant Stewart is reversed, and the cause is remanded for another trial as to him; but the judgment against defendant Magness, who has not appealed, is undisturbed.