FRANK W. BEACH ET AL. v. JOHN G. McKAY, SECRETARY OF STATE.

No. 2850.   Decided January 31, 1917.

1.—Supreme Court—Mandamus.

Mandamus will issue to require performance of an official duty only when the act to be performed is a purely ministerial one, and not a matter in which the officer is intrusted with discretion. (P. 227.)

2.—Same—Secretary of State—Approval of Charter.

Corporations may be authorized to issue capital stock for property received only on furnishing satisfactory evidence of its value to the Secretary of State. The discretion lodged in him to refuse to receive and file a charter where he finds such evidence unsatisfactory can not be controlled by the Supreme Court through writ of mandamus. Case, a patent right taken as a part of the subscribed capital at a valuation of $64,050.00. (Pp. 225-227.)

3.—Query—Corporation—Patent Right as Basis for Capital Stock.

Whether patent right can be taken as property received by a proposed corporation and a basis for issuing capital stock, is questioned but not decided. (P. 227.)

Original application by Beach and others to the Supreme Court for

mandamus to require McKay, as Secretary of State, to receive and file a corporate charter for the Moody Calculator Company.

*Gilbert H. Irish,* for relators.—Patents are property.  Brown v. Duchesne, 19 How., 195; Seymour v. Osborne, 11 Wall., 533; Consolidated Fruit Jar Co. v. Wright, 94 U. S., 96; Cammeyer v. Newton, 94 U. S., 226; James v. Campbell, 104 U. S., 357; Marsh v. Nichols, 128 U. S., 612.  A patent right is personal property.  30 Cyc., 819, and authorities cited.

A corporation having the power to acquire patents necessary to the operation of its business may issue stock in payment for such patents at their true value, provided the law of the jurisdiction permits the payment of shares in property.  Thompson on Corporations, 2d ed., par. 3953, citing Essex v. Essex, 141 Mich., 200, 104 N. W., 622; Finletter v. Acetylene Light Co., 215 Pa. St., 86, 64 Atl., 429.

*B. F. Looney,* Attorney General, and *C. W. Taylor* and *C. M. Cureton,* for respondent.—Patent rights are in a certain sense personal property, but they are incorporeal and subsist only in a grant from the government.  They do not exist as property in any particular State, but are co-extensive with the United States, and they are not subject to levy and sale on execution in an action at law.  2 Am. & Eng. Ency. of Law, 272; Horne v. Chatham & Co., 64 Texas, 39; Carver v. Peck, 131 Mass., 292; Stephens v. Cady, 14 How. (U. S.), 528; Chisholm v. Forney, 21 N. W., 665.

In the case of O'Bear-Nester Glass Co. v. Antiexplo. Co., 101 Texas, 432, the Supreme Court of this State held that the purpose of the Constitution is to protect those who deal with corporations and that the words "money paid" means full value, and "labor done" means labor worth the par value of the stock, and the property received must be property that can be subjected to debts.  As the Supreme Court has held that the property referred to must be property which may be subjected to the payment of the debts of the corporation, this construction necessarily excludes patent rights from being used to capitalize corporations.  For, as suggested in the authorities above cited, and by many others which could be cited, letters patent can not be levied upon by writ of execution.

MR. JUSTICE YANTIS delivered the opinion of the court.

The relators, Frank W. Beach and numerous others, filed their petition in this court asking that a writ of mandamus be issued against the Secretary of State, John G. McKay, the respondent herein, to require him, as Secretary of State, to issue a charter for the Moody Calculator Company.  The relators had previously presented to the Secretary of State their application for such a charter in proper form, showing the purpose of the proposed corporation to be the manufacture and sale of Moody calculators, and the purchase and sale of goods,

wares and merchandise used in connection therewith. The respondent refused to issue and file the charter, one of the grounds for his refusal being, as shown by his answer herein, that the value of the letters patent, which in the application for charter had been valued at $64,050, was so uncertain and speculative that he was unable to determine its actual value. The application for charter alleged that the proposed corporation would have an authorized capital stock of one hundred and fifty thousand dollars, and that one-half of this amount had been paid in cash or its equivalent, the said patent being treated as worth $64,050, and as having in that sum been paid, by its assignment to the proposed corporation. Section 6 of article 12 of the State Constitution, relating to the issuance of stocks and bonds, is as follows:

"No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

Article 1126, Vernon's Sayles' Civil Statutes, is as follows:

"Whenever the stockholders of any such company shall furnish satisfactory evidence to the Secretary of State that the full amount of the authorized capital stock has in good faith been subscribed, and fifty per cent thereof paid in cash, or its equivalent in other property or labor done, the product of which shall be to the company of the actual value at which it was taken, or property actually received, it shall be the duty of said officer, on payment of office fees and frachise tax due, to receive, file and record the charter of such compay in his office, and to give his certificate showing the record thereof."

Article 1127, Vernon's Sayles' Civil Statutes, provides that the term "satisfactory evidence," as used in article 1126, above mentioned, shall consist of the affidavit of those who executed the charter, stating the name, residence and postoffice address of each subscriber to the capital stock; the amount subscribed by each; the amount paid by each; the cash value of any property received, giving its description, location, and from whom and the price at which it was received, and the amount, character and value of labor done, from whom and price at which it was received.

Article 1128 of said statute is as follows:

"If the Secretary of State is not satisfied, he may, at the expense of the incorporators, require other and more satisfactory evidence before he shall be required to receive, file and record said charter."

It is clear that article 1128, above, lodges a discretion in the Secretary of State to refuse to file and record a charter applied for when the stockholders of the proposed company have failed to furnish satisfactory evidence to him that the full amount of the authorized capital stock has been in good faith subscribed and fifty per cent thereof paid in cash, or its equivalent. We are properly denied the power to require by mandamus the Secretary of State to issue a charter in a case where he has not received evidence satisfactory to him that the full amount of the authorized capital stock has in good faith been subscribed and fifty

per cent thereof paid in cash, or in its equivalent, as provided in article 1126.

By the affidavit of Frank W. Beach, one of the relators, it is shown that the amount of money which had been paid for the acquisition of a three-fourths interest in such patent was $10,000 in cash. The affidavits of several of the relators placed the value of said patent "in excess of $75,000."

We think the Secretary of State was within his rights in refusing to accept such a patent at a value of $64,050 when the evidence was not satisfactory to him that it had in fact such real value.

The question whether the stock had been subscribed in good faith, and whether fifty per cent thereof had been paid in cash, or its equivalent, are questions of fact to be determined by the Secretary of State by the exercise of a discretion lodged with him by law. We have not the power to require him to exercise his discretion in a particular way on such questions of fact. If the act sought to require the Secretary of State to perform was purely ministerial, we could compel its performance by mandamus; but before we are permitted to grant the writ of mandamus it must appear that the act sought to have him perform is imperatively required of him by law, and not a matter within his discretion. English & S. A. Mtg. & Inv. Co. v. Hardy, 93 Texas, 295; Trinity Life & Annuity Society v. Love, 102 Texas, 278; Durrett v. Robison, 103 Texas, 502.

It is insisted by the Attorney General, in behalf of the Secretary of State, that patent rights are never property which can be "actually received," as provided by the Constitution. Such a question is not presented by the facts of this case as a question necessary to its decision, since the patent in this case is the only one before us. It appears that the Secretary of State is unable from the evidence furnished to ascertain the value of the particular patent offered as property in this case, and it is clear to us that his action in refusing to receive and file the charter is within the exercise of a discretion lodged with him by law, and we can not revise his action in this particular, which is all that is necessarily presented to us for decision in this particular case. We are not called upon to decide, and do not decide, whether all patent rights are excluded by the terms of the Constitution as not being "property actually received" within the meaning of the Constitution.

The writ of mandamus is refused.