**DUENKEL v. AMARILLO BANK & TRUST CO. (No. 1664.)**

(Court of Civil Appeals of Texas. Amarillo. May 5, 1920. Rehearing Denied June 9, 1920.)

**1. Appeal and error ⚖︎662(3)—Qualification to bill of exceptions governs.**

Where a bill of exceptions with qualification was accepted and filed as part of the record, the appellant is bound by the qualification where it conflicts with the facts stated in the bill.

**2. Abatement and revival ⚖︎84—Plea in abatement cannot be filed after answer to the merits.**

A plea in abatement cannot be filed after answer to the merits; consequently, that part of an answer alleging that the suit was prematurely brought, being a plea in abatement, and not having been filed in the due order of pleading, will be stricken.

**3. Executors and administrators ⚖︎86(1)—On default of one of series of vendor's lien notes administrator may exercise option of declaring all due.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3353, as to recovery of assets by executors and administrators, an administrator may, in proceeding to collect a series of vendor's lien notes, exercise an option to declare the entire series due on default in payment of any one of them or interest.

**4. Appeal and error ⚖︎680(1) — Matter not shown to have been acted upon by court cannot be reviewed.**

Where the record did not show that a general demurrer was ever submitted to the court or acted upon an assignment of error complaining of the sustaining of the demurrer cannot be reviewed.

**5. Executors and administrators ⚖︎87—Administrator held not authorized to make agreement as to priority of liens.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3354 and 3355, an administrator does not have the authority, without the consent of the probate court, to agree that maker of vendor's lien notes may procure a loan on the land and pay off part thereof, postponing the security for the remaining notes as a second lien.

**6. Bills and notes ⚖︎483—Answer held insufficient to state defense.**

In an action on notes and to foreclose vendor's lien securing the same, the answer which set up an agreement by the administrator of the holder of the notes, that the maker should procure a loan and pay off part of the series and that the rest should be postponed to a second lien, *held* insufficient to state a defense, because not alleging facts sufficient to establish a binding agreement.

**7. Bills and notes ⚖︎473 — Exception held properly sustained to answer, notwithstanding assertion it set up estoppel.**

In an action on notes where it was sought to foreclose a vendor's lien securing the same,

the sustaining of exceptions to the answer was warranted despite the contention that an estoppel was set up in the averments, that intestate and his administrators had, at various times, agreed to extend the notes, etc., there being no allegation of fraud, and the assignment merely calling into review the action of the court in striking out that portion of the pleading which was really a plea in abatement.

**8. Executors and administrators ⚖︎86(4) — Agreement by administrator to extend time unauthorized.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3353, requiring administrator to use ordinary diligence to collect every claim due the estate, an administrator is without authority to agree that, on payment of a part of a series of vendor's lien notes, the remainder should be made a second lien subject to the loan procured to pay off the first of the series, and so a deposition of administrator tending to show such an agreement was properly excluded in an action on notes.

**9. Bills and notes ⚖︎516 — Evidence insufficient to show any agreement for extending series of vendor's lien notes.**

In an action on notes and to foreclose vendor's lien securing the same, evidence *held* insufficient to establish an agreement that, on payment of a portion of the notes, the remainder should be extended as a second lien, etc., there being nothing to show that defendant accepted any proposals as to such arrangement.

**10. Bills and notes ⚖︎489(1)—Under pleadings proof not needed as to attorney's fees.**

In action on notes, *held* that, on the pleadings, judgment for attorney's fees was not erroneous on the ground that there was no showing when the notes were placed in the hands of attorneys, and no proof that plaintiff had promised to pay the attorneys, or that the attorney's fees were reasonable.

**11. Bills and notes ⚖︎129(2)—Suit sufficient notice of election to declare entire series of vendor's lien notes due.**

Where a series of notes, secured by vendor's lien, provided that, on default in payment of one, the holder might declare all due, suit by an administrator, into whose hands the notes came, after default in the payment of the first, is sufficient notice of election to declare the whole series due.

**12. Executors and administrators ⚖︎519(1)—Texas administrator alone has authority to make contracts as to disposition of property in that state.**

Notwithstanding interest of another in an estate, or fact that he was administrator of that part of the estate located elsewhere, the Texas administrator is the only person within the state of Texas who can make contracts concerning property of the intestate within that jurisdiction.

Appeal from District Court, Carson County; W. R. Ewing, Judge.

---

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by the Amarillo Bank & Trust Company against C. A. Duenkel. From judgment for plaintiff, defendant appeals. Affirmed.

I. E. Duncan, of Pampa, and Hoover & Willis, of Canadian, for appellant.

Turner & Dooley, of Amarillo, for appellee.

HALL, J. Joseph Fisher, now deceased, formerly owned a section of land in Carson county, and sold it to one F. L. Stokes, and took as part payment eight vendor's lien notes, the first in the sum of $2,000, the other seven in the sum of $1,571.42 each, payable two, three, four, five, six, seven, and eight years after date, respectively, each bearing interest at 8 per cent. per annum, and providing for 10 per cent. attorney's fees, if placed in the hands of an attorney for collection or if collected by suit. Thereafter, the appellant, Duenkel, purchased said land from Stokes and assumed the payment of said notes. Appellee sued to recover the amount due upon the notes and to foreclose the vendor's lien, alleging that all of the notes were declared due by virtue of the provision in each of them that·failure to pay any note or interest should, at the election of the holder, mature all of them, and that the plaintiff had so elected to declare all of them due. Plaintiff sued as administrator of the estate of Joseph Fisher, deceased. At the return term of the court the appellant answered by general demurrer and general denial. The record fails to show that the demurrer was ever passed upon by the court.

At the second term the appellant filed his plea in abatement, upon the ground that the suit was prematurely brought, alleging that he had an agreement with Joseph Fisher in his lifetime to extend the first note for $2,000 as to time of payment until November 27, 1918, and that the plaintiff had ·agreed with appellant that he might take a loan upon the said section of land of $9,000, and apply the same to the payment of the notes in the order of their maturity, and for the balance of the debt a second lien should attach, inferior to the loan company's lien for the $9,000; that appellant had procured the loan, and upon his offering to perform the said agreement that Messrs. Turner & Dooley had obtained possession of the notes, claiming to have them for collection, and demanded the 10 per cent. attorney's fees upon them; that by reason of the agreement for the loan, and part payment and subrogation of the lien, that the plaintiff had waived its right to declare any or all of the notes due, or to place them in the hands of an attorney for collection, and was estopped from collecting any of said notes except the ones due by their terms.

Defendant also pleaded in greater detail the agreement to allow him to procure the loan upon the land of $9,000, and apply it in partial payment of the series of notes, and postpone the balance of the notes to a second lien upon the land. It was alleged that the agreement was first made by Joseph Fisher to extend the time of payment on the first note for one year, in consideration of the additional amount of interest; that the agreement for the loan was first made with Glen M. Fisher, who was the administrator of the estate of his father, Joseph Fisher, in the state of Kansas, and that the agreement was he should secure the loan of $9,000 and apply it as stated above; that this agreement was later confirmed and approved by a letter received from Messrs. Turner & Dooley, attorneys for plaintiff; however, that said attorneys, at the same time demanded their attorney's fees upon all of the notes; that appellant thereupon tendered to plaintiff all of the principal and interest that was then ·due upon said notes, which the plaintiff refused to accept, and that the administrator, Glen M. Fisher, notified defendant not to pay Turner & Dooley any attorney's fees, as he or his estate was paying them for their services. It is further alleged that the agreement of the parties constituted a waiver of the right to place the notes in the hands of an attorney and claim attorney's fees; also a waiver of the right to declare all of the notes due, defendant having relied upon their previous agreement and representations, and having complied with them by procuring the loan, and that had the plaintiff performed the agreement defendant could and would have paid off the·notes that were due. The prayer was that the suit abate and that he recover his costs, or in the alternative that plaintiff should recover only the amount of the notes actually due, without attorney's fees, and be denied the recovery of the amount of the notes not yet due.

[1] Upon the filing of the plea in abatement appellee moved to strike it from the record because it was not filed at the first term of the court, and, having been filed after a general demurrer and general denial, was not in due order of pleading. The court sustained the motion, striking the plea in abatement from the record. The bill of exception to this action of the court was qualified by the trial judge in the following language:

"The foregoing bill of exception, No. 1, prepared and tendered by C. A. Duenkel, defendant, has been examined by me and is approved with the following qualification: Defendant offered no proof, either by his own testimony or by that of his counsel, or any one else, that at the February term of said court the parties to this cause had verbally agreed in open court that at said February term the defendant need not file his actual pleadings in the case in full but might only ˙file a ´general demurrer and general denial, and that he could file same without prejudice to his rights to file any future pleadings he saw fit, whether in due order of

pleading or not. All that was done on said question was an unsworn statement by defendant's counsel, I. E. Duncan, to the effect that at the February term of court he understood that counsel for plaintiff agreed with him that he might file his dilatory plea at the next term of this court. This statement was denied by counsel for plaintiff, but no sworn testimony was offered by either party. No such agreement as claimed by defendant was made in open court, or in the presence and hearing of the court. The court did not refuse to permit defendant to offer any testimony, or to hear testimony concerning such alleged agreement, because none was offered. The statement in the bill that plaintiff offered proof as to the matters contained in said plea in abatement is incorrect. Neither party offered any proof thereon, and, consequently, the court did not refuse to hear any such evidence."

The bill, with the qualification, was accepted and filed as part of the record, and appellant is bound by the qualification where it conflicts with the facts stated in the bill.

[2] The court also sustained the appellee's first, second, and third special exception to the defendant's answer, which are in substance: (1) That the answer is insufficient because it seeks to set up a pretended agreement between the parties for the compromise and extension of the notes, which constitutes a material change in the security, in this: Its effect would have been to postpone part of the debt to the loan of $9,000 mentioned in the pleading, and would have made said $9,000 a first lien on all of the land; that no such agreement could have been made except under the order of the probate court of Potter county, where the administration is pending, and it is not alleged that any such order had been procured; (2) that the matters set up constitute a plea in abatement and are not filed in the due order of pleading; (3) that part of the answer which alleges "it would be harsh and inequitable to sell defendant's land under the present social unrest, same having suppressed the sale of property and the land will not satisfy the debt at forced sale," is wholly insufficient. That part of the answer alleging that the suit is prematurely brought is a plea in abatement, and, not having been filed in due order of pleading, the court did not err in striking it from the docket, since it was filed after an answer to the merits. Drake v. Brander, 8 Tex. 176; Graham v. McCarty, 69 Tex. 324, 7 S. W. 342; Keator v. Whittaker, 147 S. W. 608.

[3] By the second assignment it is insisted that the administrator could not elect to declare the entire series of notes due upon failure to pay any one of them or the interest, as therein provided. No decisions are cited to sustain this proposition. We think the effect of V. S. C. S. art. 3353, is to authorize the administrator, in the use of proper diligence, to declare the notes due and proceed to collect them.

[4] The third assignment is that the court erred in sustaining plaintiff's general demurrer to the defendant's answer. The record does not show that the general demurrer was ever submitted to the court or acted upon in any way.

The fourth and fifth assignments being based upon the same supposed state of facts are overruled.

[5, 6] It is insisted under the sixth assignment of error that an administrator has the authority to agree that the maker of notes due the estate may procure a loan to pay off part of the notes, postponing the security for the remaining notes as a second lien, and this without an order of the probate court. We do not so understand the law. The answer does not show that any such arrangement had been approved or authorized by the probate court of Potter county. V. S. C. S. arts. 3354 and 3355, provide that whenever an administrator may deem it to the interest of the estate to take any claims or property for the use and benefit of the estate in payment of any debt due the estate, or to compound bad or doubtful debts or to make promises or settlements in relation to claims in dispute or litigation, it shall be his duty to present an application in writing to the county court at a regular term thereof, representing the facts, and if the court, upon the hearing of such application, shall be satisfied that it will be for the interest of the estate to grant the same, an order to that effect shall be entered upon the minutes, setting forth fully the authority granted, and the administrator is further authorized on receipt of the amount due on a mortgage to release such mortgage. Nothing appears in the record to indicate that it would have been to the benefit of the estate for the administrator to waive the vendor's lien on the land and permit the appellant to borrow $9,000, secured by a first lien upon the property, to credit said sum upon the debt and hold the remaining notes, secured by a second lien. From the record we entertain serious doubt whether a probate judge could have been convinced that such a course was to the best interest of the estate. From what is shown we think it would have been detrimental. In any event, since the answer failed to show the required order of the probate court, approving such an agreement, that part of the answer setting it up was subject to the exception. Smith et al. v. Pate et al., 43 S. W. 312; Smith v. Dibrell, 31 Tex. 239, 98 Am. Dec. 526; Trammell v. Swan, 25 Tex. 475; Browne v. Fidelity & Deposit Co., 98 Tex. 55, 80 S. W. 593. These and other authorities settle the question that administrators and guardians may act in material matters, such as the compromise and settlement of claims under agreements of the nature alleged by appellant, only under express authority obtained from the probate

court, and that the effect of the statute is to change the rule of the common law in this particular. Appellee's contention is that the defense urged by the defendant is insufficient because the answer does not allege a binding agreement for an extension of time or for changing the security and creating a second lien in favor of the estate for part of the indebtedness. We think this contention is sound. Ward v. San Antonio Insurance Co., 164 S. W..1043; Astin v. Mosteller, 152 S. W. 495.

[7] It is insisted under the seventh assignment that the court erred in sustaining the special exception to the answer, because by the plea that the intestate and his two administrators together had at different times agreed to the extension of the first note for more than a year, and had agreed to accept payment by means of a loan on the land, etc., appellee was estopped from declaring all of the notes due and from placing them in the hands of attorneys. This assignment merely calls into review the action of the court in striking out the plea in abatement. There is no allegation of fraud on the part of the administrator, and because of the lack of such an allegation the authorities cited by appellant have no application. The evidence does not sustain appellant's contention that the Texas administrator, or its attorneys, ever made an agreement for the extension of time and postponement of the lien in consideration of the payment of $9,000. The court's action in sustaining the third special exception is unquestionably correct.

[8] Appellant insists, under the ninth assignment, that the court erred in excluding the deposition of Glen M. Fisher, to the effect that he and the attorney for the estate in Kansas had agreed, more than a year after the first note was due, to allow defendant to procure a loan of $9,000, and pay that amount on the notes in the order of their maturity and give a second mortgage to, secure the other notes. We think any agreement on the part of the administrator to the effect alleged would be a violation of the provisions of article 3353, V. S. C. S., requiring the administrator to use ordinary diligence to collect every claim due the estate, and rendering the administrator and his bondsmen liable in the event of a failure to use such diligence.

[9] The tenth, eleventh, and twelfth assignments are based upon similar rulings. The allegation is that Glen M. Fisher as administrator agreed with defendant, as above set out, but the evidence tendered to sustain the allegation would not have shown any agreement between appellant and the defendant to that effect. The principal evidence relied upon is the letter from appellee's attorneys, Turner & Dooley, to appellant, in which they say:

"We have not heard from you in reply to our last letter and we desire to close this matter up in some way. We have a letter from our clients, authorizing us to close up this deal by way of paying $9,000 cash and giving a second mortgage to secure the four notes at $1,571.42 each, providing that you pay the interest due to date and our fee. If this cannot be done we shall have to institute foreclosure proceedings."

Clearly, this letter cannot be construed as an agreement for the extension, even though it had been shown that the probate court of Potter county had approved the proceeding. It was not shown that Duenkel ever replied to this letter from Turner & Dooley, or notified them that he was ready to comply with the requirements by paying the $9,000 plus the interest and attorney's fees. None of the evidence sought to have been admitted would have in any degree benefited appellant. Appellant made no tender of the $9,000, or any amount, in an effort to make good his offer to carry out his alleged agreement. If the evidence had been admitted the effect would have been to sustain the plea in abatement, and the court could not, in the absence of a tender, have granted appellant any relief.

[10] Under the thirteenth assignment it is insisted that the court erred in rendering judgment for the attorney's fees, because there was no showing when the notes were placed in the hands of attorneys, and no proof that plaintiff had promised to pay the attorneys, or that the attorney's fees were reasonable. These questions have been settled by the decisions in this state contrary to appellant's contention. First National Bank of Eagle Lake v. Robinson, 104 Tex. 167, 135 S. W. 372; Stewart v. Thomas, 179 S. W. 886; Coleman v. Garvin, 158 S. W. 185; Johnston v. Branch Banking Co., 143 S. W. 193; Kerr v. Morrison, 25 S. W. 1011. These authorities establish the propositions: That it is not necessary for the holder of a note to prove when the notes were placed in the hands of an attorney; that the plaintiff had promised to pay the attorneys; that the attorney's fees were reasonable; for an allegation that the notes were placed in the hands of attorneys would be taken as true, and it is not necessary to offer proof thereon when the petition so alleges.

[11] The institution of the suit within a reasonable time after default in the payment of the first note is sufficient notice of the election by the administrator to sue; no further notice to the appellant was necessary. Machine Works v. Reigor, 64 Tex. 89; Chase v. Bank, 1 Tex. Civ. App. 595, 20 S. W. 1027; Bonnell v. Prince, 11 Tex. Civ. App. 399, 32 S. W. 855.

[12] The only remaining observation necessary to be made in disposing of the issues presented here is that Glen M. Fisher a resident of Kansas, could not, by agreement

made with appellant, bind the administrator of the estate pending in the courts of Texas. An administrator in this state has the exclusive right to possession of the property within the jurisdiction of the court, and is the only person who can make any contracts concerning the property.

We find no reversible error in the record, and the judgment is affirmed.