

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

April 25, 1947

Hon. Paul H. Brown
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. V-163

Re: The designation of notes re-
ceivable as "property" with-
in the meaning of Article
XII, Section 6, Constitution
of Texas.

        You have submitted the following request for
the opinion of this department.

        "1.   There has been submitted to this
department applications for proposed cor-
porate charters wherein the following sit-
uation appears:

        "a.   In payment for capital stock sub-
scriptions notes receivable secured by chat-
tel mortgages on automobiles is shown.

        "b.   Current assets of the proposed
corporations include customers accounts re-
ceivable.

        "2.   Do the items shown in a and b,
foregoing, or either of them, constitute
property within the meaning of Article 12,
Section 6, Constitution of Texas, and, if
so, what investigation, if any, should the
Secretary of State make in respect to ei-
ther a or b?"

        Article XII, Section 6, of the Constitution of
Texas is as follows:

        "No corporation shall issue stock or
bonds except for money paid, labor done or
property actually received, and all ficti-
tious increase of stock or indebtedness
shall be void."

        Article 1308, Revised Civil Statutes of Texas,
1925, which was enacted pursuant to the above constitu-

tional provision, is in part as follows:

"Before the charter of a private cor-
poration created for profit can be filed
by the Secretary of State, the full amount
of its authorized capital stock must be in
good faith subscribed by its stockholders
and fifty per cent thereof paid in cash,
or its equivalent in other property or la-
bor done, the product of which shall be
worth to the company the actual value at
which it was taken or at which the pro-
perty was received. The affidavit of
those who executed the charter shall be
furnished to the Secretary of State, show-
ing: . . .

"2. The cash value of any property
received, giving its description, loca-
tion and from whom and the price at which
it was received; . . .".

That notes receivable secured by chattel mort-
gages on automobiles and customers' accounts receivable
are personal property subject to taxation is conclusively
demonstrated by the Legislature definition thereof con-
tained in Article 7147, Revised Civil Statutes of Texas,
1925, which is in part as follows:

"Personal property, for the purposes
of taxation, shall be construed to in-
clude all goods, chattels and effects, and
all moneys, credits, bonds and other evi-
dences of debt owned by citizens of this
State, whether the same be in or out of
the State; . . ." (Emphasis added).

Article 7149, Revised Civil Statutes of Texas,
1925, defines the term "credits" as follows:

"'Credits.'-The term, 'credits,'
wherever used in this title, shall be
held to mean and include every claim and
demand for money or other valuable thing,
and every annuity or sum of money receiv-
able at stated periods, due or to become
due, and all claims and demands secured by
deed or mortgage, due or to become due."
(Emphasis added)

In the case of O'Bear-Nester Glass Company et al, 101 Tex. 431, 108 S.W. 967, the Supreme Court of Texas, construed the meaning of Article XII, Section 6 of the Constitution of Texas as follows:

"The terms in which this section of the Constitution is expressed indicates the purpose that the assets of the corporation should be something substantial, and of such a character that they could be subjected to the payment of claims against the corporation as well as to secure the shareholders in their rights in the capital stock. . . ."

In view of the above legislative and judicial construction, it is the opinion of this department that notes receivable secured by chattel mortgages on automobiles and customers' accounts receivable constitute property within the meaning of Article XII, Section 6, Constitution of Texas.

Referring to the second part of your question as to what investigation, if any, should the Secretary of State make in respect to the above property, it is presumed that your query refers to the ascertainment of the "value" of such property.

Article 1309, Revised Civil Statutes of Texas, 1925, which must be construed in connection with Article 1308, supra, is as follows:

"If the Secretary of State is not satisfied, he may, at the expense of the incorporators, require other satisfactory evidence before he shall be required to receive, file and record such charter."

The foregoing article was construed by the Supreme Court of Texas in the case of Beach et al, vs. McKay, State Secretary, 191 S.W. 557, as follows:

"The question whether the stock had been subscribed in good faith, and whether 50 per cent thereof had been paid in cash, or its equivalent, are questions of fact to be determined by the secretary of state by the exercise of a discretion lodged with him by law. . . ."

Therefore, the nature and extent of any further investigation of the value of such property, if such investigation is deemed necessary, lies wholly within your discretion.

## SUMMARY

Notes receivable secured by chattel mortgages on automobiles and customers' accounts receivable constitute property which may be received in payment of capital stock subscriptions within the meaning of Article XII, Section 6, Constitution of Texas. Investigation may be made by the Secretary of State as to the value of such property under the provisions of Article 1309, R.C.S., and the nature and extent thereof lies wholly within his discretion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                                                     

C. K. Richards
Assistant

CKR/lh

APPROVED: April 25, 1947

ATTORNEY GENERAL